**UNITED STATES of America,**
**Plaintiff,**

v.

**Leonard Ray McNEIL, Defendant.**

**No. Cr. 73–0098.**

United States District Court,
N. D. California.

April 9, 1973.

James L. Browning, Jr., U. S. Atty., Robert E. Carey, Jr., Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Paul Aaron Harris, Stanley Joseph Zaks, San Francisco, Cal., for defendant.

## ORDER DENYING MOTION TO PARTICIPATE IN VOIR DIRE

OLIVER J. CARTER, Chief Judge.

The defendant has been indicted on two counts of violating 50 U.S.C. App. § 462(a), to wit: failure to keep his local board informed of a current address and refusal to report for induction. The defendant has requested a jury trial and presently moves the Court to permit his attorney to participate in the oral voir dire examination of prospective jurors. The defendant claims that both his race (Negro) and post-Vietnam War publicity necessitate extensive juror examination by his attorney rather than by the Court alone. The defendant contends that his case requires exhaustive and probing questioning on possible juror prejudice in the aforementioned particulars, and this questioning can be more accurately conducted by his counsel, who is more familiar with his case than is the Court. The Court does not agree and will therefore deny the defendant's motion.

A hearing was conducted on March 29–30, during which the defendant presented three witnesses in support of his motion. The first witness was a practicing attorney who related his own experiences in conducting voir dire. However fluent his testimony, it was nevertheless somewhat argumentative and expository and added little to the Court's own knowledge on the subject. Another of the defendant's witnesses was a lay person who told of her personal experience in undergoing a voir dire examination. Again, this witness did not expand the Court's own awareness of whatever problems may be inherent in the jury selection process, although the experience indeed appears to have expanded the witness' own experience.

The closest to a scientific approach to the problem of eliminating jury prejudice was brought out through the testimony of a psychologist, whom the defendant qualified as an expert witness. However applicable his opinion might be to some types of extraordinary cases, however, it does not appear to be applicable here. There is nothing extraordinary in the case at bar which would cause this Court to depart from long established rules of practice.

Rule 24(a), F.R.Cr.P., places the manner of conducting the examination of the prospective jurors within the discretion of the Court. The local practice in this district has invariably been for the Court alone to conduct such examination, supplemented by additional questions submitted to the Court by counsel. Local Rules 19(a) and 212.

█ Likewise, there is no constitutional right to a personal voir dire of the jury. Hamer v. United States, 259 F.2d 274, 279 (9th Cir. 1958), cert. den. 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577 reh. den., 359 U.S. 962, 79 S.Ct. 799, 3 L.Ed.2d 769 (1959).

█ Those few federal cases wherein counsel has been permitted to participate in voir dire had extensive pre-trial publicity surrounding those cases specifically. That is not so here. This is simply another Selective Service case. Although perhaps well-known in his community, the defendant is not a public figure. He has directed the Court to not one item of publicity in the local news media either about him or his impending trial. The general publicity regarding the Vietnam War and its peripheral issues appears to be no more extensive or prejudicial in this case than in any other Selective Service case, either at present or in past years.

Similarly, the defendant's race is not an issue in this case. This is not a civil rights, or related, type of action. There is nothing to distinguish this case from any other criminal proceeding wherein a member of the defendant's race is the accused

The Court here is not simply selecting the more expedient method of voir dire examination, but rather the more fair

and reasonable. The Committee on the Operation of the Jury System, chaired by Judge Irving R. Kaufman, in its 1970 report recommended as the preferred procedure juror examination by the court, supplemented by questions directed to the court by counsel. Reports of the Proceedings of the Judicial Conference, Annual Rpt of the Director of the Administrative Office of the United States Courts, at 59 (1970). The Court also notes the words of the late Chief Judge Louis E. Goodman of this District, speaking of the reasons for voir dire examination from the bench:

> There can be no doubt that simplicity, fairness and speed results from the judge's examination of prospective jurors. The spectacle in a recent trial, where six weeks were consumed in selecting a jury, is a damning criticism of a system where judicial control of interrogation does not obtain. The only objective of jury interrogation is to obtain an impartial jury. No litigant is entitled to select a jury to his liking. He is only entitled to an impartial jury. Goodman, The New Spirit in Federal Court Procedure, 7 F.R.D. 449, 451 (1948).

In short, the defendant has pointed to not one single item of evidence which would distinguish his case from any other Selective Service case and which might cause this Court to abandon its ordinary practice. If the defendant wishes to supplement the Court's questions with his own, he shall have every opportunity to do so under the applicable rules of procedure.

Accordingly, it is ordered that the defendant's motion to permit his attorney to participate in oral voir dire be, and the same is, hereby denied.